The next case on our docket today is the case of People v. Christopher Howard. We have Robert Burke for the opponent, and we have Patrick Daly for the affidavit. You may proceed, Mr. Burke. Robert Thank you, please, the court. We're asking that this case be sent back for further post-sentencing proceedings. A question presented by this appeal is when and how jurisdiction shifts between trial court and the appendix, back and forth. A case cited by the state in its brief, Willoughby, and a case cited by defense in its brief, Mabry, I think really illustrates the general rule. In Willoughby, a motion for a new trial was filed, and then a notice of appeal was filed. The one filed first controlled, and so the notice of appeal was no good. There was still a pending motion in the trial court that was filed first. In Mabry, there was a notice of appeal filed first, and then a motion to reconsider a sentence filed. The appellate court said the one filed first controls the notice of appeal filed first controls. Whichever one was filed first controls unless a special procedure is invoked. A special procedure set forth in Rule 606B says that the trial court can tell the appellate court, hang on, we're bringing jurisdiction back here by sending an order to the appellate court within five days of the entry of the order. Saying, Rule 606B, jurisdiction is returned to the trial court. Certainly in this situation, the trial court could have stricken the notice of appeal. Yes, Your Honor. And if the trial court had stricken the notice of appeal, we wouldn't have this problem. Correct, Your Honor. You agree with that? Yes. All right, now the state's arguing that regardless of whether the trial court strikes it, Rule 606B says that a notice of appeal filed before entry of a final order on a timely filed post-judgment motion, quote, shall have no effect, close quote. And they say that's enough. What do you say about that? The very next sentence is, if that happens, and that's why I said when and how jurisdiction shifts back and forth, if that happens, then the trial judge has to send notice to the appellate court, hey, hold everything, return the case to me, jurisdiction is coming back here to the circuit court. So you're, in effect, saying the circuit court has to take action to reassume jurisdiction. To get the jurisdiction out of the appellate court. And here, I guess what actually physically happened was after the pro se notice of appeal was filed, our court started doing what they do any time somebody files a notice of appeal and notices were issued or whatever. Is that right? Yes, I believe what happened is that the court issued a rule to show cause. Why shouldn't this appeal be dismissed? There's a pending motion in the trial court. And I think that that's what happened. But at any rate, on April 6th of 2009, this court issued an order saying we're dismissing this appeal. We're remanding it for further proceedings. And in that order, was our court basically saying we never had jurisdiction? I don't remember how the order is worded, Your Honor, but be that as it may, physically, jurisdiction shifts, or metaphysically, jurisdiction shifts. But certainly, the file shifts. And there has to be some way of knowing who has the jurisdiction over this case. But if we didn't have it, we still don't have jurisdiction, correct? Correct. Well, you have jurisdiction, but it needs to be remanded to return the jurisdiction to the circuit court. The jurisdiction attaches with the notice of appeal. When the notice of appeal is filed, jurisdiction attaches at that moment. And then there's a way to get the jurisdiction back to the circuit court. Certainly, that's the general rule, that when a notice of appeal is filed, the circuit court loses jurisdiction, and jurisdiction attaches in the appellate court. And then jurisdiction does not return to the circuit court until the mandate issues. Let me ask a question as far as the record here. The notice of appeal was filed, our court screened it for jurisdiction, issued a rule to show cause why it should not be dismissed for lack of jurisdiction. It was dismissed. Then was a mandate sent back to the circuit court? Yes, it was sent back on May 20th. And that was received after the defendant had been sentenced? After the motion to reconsider had been denied. Right, right, right. And what I'm saying is that motion to reconsider should not have been ruled upon until the mandate issue. I think, really, it's fairly simple. It just depends on how you want to say that jurisdiction gets back and forth between the courts. Thank you, Your Honor. Thank you. We have the opportunity to rebut Mr. Daley. Good morning, Your Honor. Good morning. I guess this really comes down to an interpretation of Rule 606 and what does it mean when the rule says, shall have no effect. I acknowledge counsel's argument with regards to the language, with regards to what the trial court does. I guess that my view of that is a little bit different than how I think counsel is sort of discussing it here. The trial court shall strike the notice of appeal and then what follows there is a clause, which is the direction that the circuit court needs to do to basically advise this court to realize that it has stricken the notice of appeal. I see that not as a prerequisite or as a jurisdictional step. It's essentially more as an administrative step so that the appellate court can be alerted that the trial court has stricken the notice of appeal under that rule. If you take the defendant's argument to the next logical step, then what happens if the court doesn't strike the notice of appeal? Then it clearly hasn't affected us until somebody does something to it. If the trial court, I suppose, never strikes the notice of appeal, the argument can be made if this is a prerequisite to invocation of Rule 606, there's no effect clause, then the appellate court never loses jurisdiction at all or always had jurisdiction. So I think that what this rule is is essentially a codification following decisions, one of which is a decision from this court in People v. Average under a prior version of the rule, where this court and other courts have come to the conclusion that if a timely filed post-judgment motion is filed, that acts as a sort of de facto motion to dismiss the appeal. And then at that point, the court has jurisdiction to consider the case. The Supreme Court apparently, when it wrote Rule 606, took it one step further and said, shall have no effect, has no effect, be given its plain, ordinary, and unambiguous meaning, means that if there's a timely post-judgment motion filed, and the rule states that it doesn't matter whether this motion is filed before or after the notice of appeal, the only prerequisite is that the post-judgment motion itself be timely filed, i.e., within 30 days after final judgment, then the notice of appeal has no effect. So I guess what we're saying here is that here in the court, the defendant filed a pro se notice of appeal, and then there was a timely post-judgment motion that was filed. And then when you read the record, you'll see that there's some discussion at the circuit court level where the defense attorney said, well, according to the call defender, the notice of appeal is stricken or has no effect or whatever, and so they went ahead and heard the motion to reconsider a sentence at that point. What about the Mabry case? All right. Mabry is distinguishable, I believe, because, first of all, it's not a Rule 606 case. Mabry is a case where the state had challenged a void order, held in the lost jurisdiction once the defendant files a notice of appeal. Mabry has nothing to do with Rule 606, which is directed to defendants and defendants' post-judgment motions. The state has no right in and of itself for any rule or otherwise to file a post-judgment motion. It has the right, of course, to challenge a void judgment. But here in that case of Mabry where the defendant filed a notice of appeal, everything fell within the prescriptions of Rule 606. Yes, the circuit court lost jurisdiction. But Rule 606 also states that if the defendant filed a defendant, and that defendant or defendant pro se is no longer represented by counsel, files a timely post-judgment motion, then his notice of appeal, the defendant's notice of appeal, has no effect. So Rule 606 is directed to a specific situation of which Mabry has no relevance in this case. So what I would ask the court is to look at really the plain language of Rule 606 and what is the meaning of no effect. No effect means basically that it doesn't mean anything. If it doesn't mean anything, how can the court lose jurisdiction? You know, we traipse into sort of the existential matters, again, of jurisdiction, right? But it doesn't have to be that complicated. When the court says no effect, it means no effect. So the court correctly determined that it still had jurisdiction over the case. Now, I think it's fair to point out that in the legal fundamentals of what the defendant says with regards to what happens when the defendant files a notice of appeal and jurisdiction attaches, and then, of course, the circuit court doesn't reinvest the jurisdiction until the mandate goes back to the court. That's the usual circumstance, unless, of course, the rule prescribes otherwise, which is essentially the state's position. The quirk of it is that if the defendant is right, then they have to wonder whether this court has jurisdiction not under this appeal because the notice of appeal, following the allegedly improper hearing and the motion to reconsider a sentence, still came before this court issued its mandate back to the circuit court. It gets to be a tricky situation when we talk about these lines of courts. Do we have jurisdiction to say we don't have jurisdiction? There are cases that say that. That's true. It says the court is limited to basically a remand. I think that the Evans-Linder type of cases, I think, are one example of that, where the defendant files an improper post-trial motion after a guilty plea. Rather than get caught up in the morass of that argument and where that lines up, it's easiest to just say here, and I think it's the legally correct disposition to say here, that when the Supreme Court said they shall have no effect, it meant what it said, they have no effect. And by no effect, it means that the court, as long as the post-trial motion has filed timely and before or after the notice of appeal, has jurisdiction. Now, the defendant argued it was brief in the reply brief. I do feel constrained to mention this. I said, well, what happens with the sort of 10-day time period between when the notice of appeal is filed and when the defendant files the post-judgment motion? Someone has to have jurisdiction over the case. Well, first of all, that issue, as framed, is a bit of a red herring, because the question for this court isn't where is the jurisdiction during this time period. It's where is the jurisdiction when the court actually undertakes consideration of the post-trial motion, the post-sentencing motion, the motion to reconsider a sentence. So, you know, it's not really that important for you to figure out who's got jurisdiction during that time period. But to answer that question, when the defendant files his notice of appeal, he is correct that jurisdiction attaches automatically. However, the defendant is still allowed to file a post-trial motion within the time period. And if he does that, then that basically nullifies the earlier motion, or notice of appeal, and the trial court has jurisdiction to consider the matter. It's nothing more than perhaps a more strongly worded codification of the average number of cases which talk about an appeal being dismissed. It doesn't even keep it that soft in terms of dismissal. It says it has no effect at all. So if we need to answer this question about where does this time period mean, it means that it's with this court until the defendant files his timely post-trial motion, and then it's back in trial. There's no void. What if he turns around and withdraws his post-trial motion? Well, if he withdraws his post-trial motion, then I guess that would revest the appellate jurisdiction. Okay. But it would have had no effect upon the filing of his post-trial judgment motion. Well, actually, I'll take that back because that's an interesting question. I guess that the act of filing the motion, I guess that would sort of illustrate the difference between no effect and dismissal because if it were dismissal, the defendant would have to file another notice of appeal because it would have to fall within the first 30-day time period. So I think what we have here, if the Supreme Court is characterizing this as no effect, it actually works to the defendant's benefit because it doesn't require the defendant to file another notice of appeal. In other words, a withdrawal of a motion to reconsider a sentence basically reaffectuates the original notice of appeal. So it's kind of temporal. If it gets lifted, then that can be... Well, here's the situation. If a defendant files a post-trial motion, then withdraws it and has to file another notice of appeal, there's an extremely real danger that a notice of appeal is now going to fall outside the original 30-day time period. All right? Characterized the way I am, the defendant doesn't need to worry about it. As long as the original notice of appeal is filed within the initial 30 days, then a withdrawal of the post-trial motion does not create any sort of jurisdictional problem for the defendant. And perhaps that's why they chose that word. It very well may be the word. It's sort of an ad hoc argument by me at this point in this regard. But it's an interesting question. I suppose it will come up at some point. I think it has probably... If I had to give a logic to the Supreme Court's particular terminology here that I'm saying operates as a dismissal of notice of appeal, and says that it shall have no effect, then now, of course, if the circuit court strikes a notice of appeal, then we're back to that same situation. So, you know, I've thrown out more questions than answers for you, I suppose. But, in any event, I would ask this Court to find that the circuit court had jurisdiction and properly ruled upon it, and with no other argument raised by the defendant, we ask the Court to affirm it. Thank you. Thank you, Mr. Daly. Mr. Burke, what are your answers? Well, first of all, I would like to say in the Wilk 604D withdrawal of guilty plea cases, some of the courts, and I think you'll know the Supreme Court has done this, said, look, when we talk about jurisdiction in that situation, we're talking about two different things. And I can't think of those cases off the top of my head. I would certainly be willing to file a supplemental brief on it. How they slice and dice what the word jurisdiction is. And it's in those cases, the 604D withdrawal of guilty plea cases, where they talk about those two things. The rule states that the filing of the motion means that the notice of appeal shall have no effect and shall be stricken by the trial court. And that didn't happen here. The trial court did not strike the notice of appeal. That's part and parcel of the same sentence. But it doesn't necessarily say that one's dependent on the other by using the conjunctive, I don't think. It just sets up one framework in one sentence. Shall have no effect and the trial court shall strike it. The trial court did not strike it. Do you agree Mabry's distinguishable because it was a state motion? No. And 606B doesn't apply to state motions? Well, I'd have to reread 606B. But the issue in Mabry was the same as the issue here. Who has jurisdiction? What the appellate court said in Mabry is that jurisdiction attached in the appellate court and jurisdiction does not return to the circuit court until the mandate issues. It just actually says if a motion directed against the judgment is timely filed. That happened in Mabry. Pardon? That happened in Mabry. It was a timely filed motion. It was by the state. It says when a timely post-trial or post-sentencing motion directed against the judgment has been filed by counsel or by defendant in that part. It says if not represented by counsel. Any notice of appeal, blah, blah, shall have no effect. So it does, in that portion of the rule, directly address motions by the defendant. Yes, but the general rule remains the same. Where is jurisdiction? Mabry says the circuit court lost jurisdiction. Jurisdiction doesn't return until the case returns. Thank you, Your Honor. Thank you, Mr. Burr. Mr. Daly, we'll take no matter of advisement.